EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Jadier A. Torres, Keyla M. Carrasquillo Ortiz<br><br>Peticionarios<br><br>v.<br><br>Mapfre Praico Insurance<br><br>Recurrido | Certiorari<br><br>2021 TSPR 106<br><br>207 DPR \_\_\_\_ |

Número del Caso: AC-2020-5

Fecha: 13 de julio de 2021

Tribunal de Apelaciones:

    Panel XI

Abogados de la parte peticionaria:

    Lcdo. Carlos A. del Valle Cruz
    Lcda. Claudia A. Rosa Ramos
    Lcdo. Juan H. Saavedra Castro
    Lcdo. Luis M. Correa Márquez
    Lcda. María D. Irizarry Marqués

Abogados de la parte recurrida:

    Lcda. Amanda L. Hernández Fernández
    Lcdo. Mario O. Oronoz

Materia: Sentencia con Opinión disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Jadier A. Torres, Keyla M. Carrasquillo Ortiz<br><br>Peticionarios<br><br>v.<br><br>Mapfre Praico Insurance Company<br><br>Recurrido | AC-2020-0005<br><br><br>Certiorari |

Sentencia

En San Juan, Puerto Rico, a 13 de julio de 2021.

Una vez más, este Tribunal se encuentra ante una controversia enmarcada en el uso sumario del pago en finiquito para ponerle fin a una reclamación en contra de una aseguradora por los daños que provocó el huracán María. Recientemente, en Feliciano Aguayo v. Mapfre Panamerican Insurance Company, 2021 TSPR 73, 207 DPR ___ (2021), pautamos que, previo a resolver un pleito de esta naturaleza, deben cumplirse todos los requisitos del pago en finiquito y las exigencias estatutarias atinentes a la industria de seguros.

Por tratarse de hechos similares a aquellos que fueron objeto de opinión por parte de este Tribunal, procedemos a resolver bajo los lineamientos establecidos en tal caso, no

sin antes narrar el desarrollo fáctico de la controversia que hoy nos ocupa.

**I**

El 18 de septiembre de 2018, el Sr. Jadier A. Torres y la Sra. Keyla M. Carrasquillo Ortiz (en conjunto, matrimonio Torres-Carrasquillo) presentaron una demanda en contra de Mapfre Pan American Insurance Company (Mapfre)[1] por incumplimiento de contrato y daños contractuales. El matrimonio Torres-Carrasquillo indicó que su propiedad, la cual estaba cobijada por una póliza expedida por Mapfre, sufrió daños sustanciales tras el paso del huracán María. Alegó que Mapfre no investigó las pérdidas total y justamente debido a que omitió o subvaloró los daños y que, mediante falsas representaciones, evadió pagar la cantidad que correspondía. Por ello, solicitó el resarcimiento de los daños a la propiedad, una compensación por los daños que sufrió a causa del incumplimiento y, además, las costas, los intereses y honorarios de abogado.

Posteriormente, Mapfre presentó una <u>Moción de desestimación y/o sentencia sumaria</u>. Argumentó, en primer lugar, que no se incluyó una parte indispensable: el acreedor hipotecario. Sostuvo, además, que cumplió con sus obligaciones contractuales. Asimismo, arguyó que se configuró un pago en finiquito, pues el matrimonio Torres-

---

[1]Inicialmente, el matrimonio Torres-Carrasquillo instó su reclamación en contra de Mapfre Praico Insurance Company. Más, en su primera comparecencia, Mapfre solicitó, entre otros asuntos, la desestimación a favor de Mapfre Praico Insurance Company y la inclusión de la parte correcta, Mapfre Pan American Insurance Company.

Carrasquillo aceptó el cheque que se emitió con respecto a la reclamación.[2]

En respuesta, el matrimonio Torres-Carrasquillo negó que el acreedor hipotecario fuera parte indispensable y adujo que Mapfre incumplió el contrato al no emitir un ajuste adecuado. Además, sostuvo que su consentimiento estuvo viciado, pues la carta explicativa no consignó el desglose de los daños cubiertos, su cuantía o la forma en que éstos fueron estimados. Señaló que la misma tampoco advirtió sobre el derecho a solicitar la reconsideración del ajuste. A su vez, señaló que existían controversias de hecho que prohibían la resolución sumaria de la controversia, por ejemplo: la valorización real de los daños; si Mapfre actuó de buena fe al remitir un pago sustancialmente menor al que tenía derecho a recibir; si se le informó adecuadamente sobre el resultado del ajuste y la cantidad a ser desembolsada, y si se podía entender razonablemente el efecto de aceptar el pago.[3]

---

[2]Mapfre acompañó su moción con una copia de la póliza; el acuse de recibo de la reclamación; la carta de 18 de diciembre de 2017 informando la culminación de la evaluación y la cantidad a pagar menos el deducible ($364.19); una copia del cheque expedido, endosado y depositado; el cost estimate report, y el case adjustment.

[3]El matrimonio Torres-Carrasquillo anejó a su oposición: el informe de daños independiente, el cual arrojó pérdidas de ciento cuarenta y dos mil trescientos veintisiete dólares con sesentiseis centavos ($142,327.66) por la casa y seiscientos diecinueve dólares con treintisiete centavos ($619.37) por otras estructuras; una declaración jurada de la Sra. Keyla M. Carrasquillo Ortiz en la cual indicó que aceptó el cheque como pago parcial y una declaración jurada del Sr. Jadier A. Torres afirmando que su esposa cambió el cheque como un pago parcial.

Trabada así la controversia, el Tribunal de Primera Instancia celebró una vista y, subsiguientemente, emitió una sentencia mediante la cual declaró ha lugar la Moción de desestimación y/o sentencia sumaria. A pesar de que rechazó que procediera la desestimación por falta de parte indispensable, determinó por la vía sumaria que se configuraron los requisitos de la figura del pago en finiquito.

En desacuerdo, el matrimonio Torres-Carrasquillo solicitó la reconsideración. Reiteró que no ocurrió una transacción al instante, pues el cheque constituyó el cumplimiento con una obligación contractual, no una oferta de buena fe. Señaló que el Código de Seguros, infra, no condiciona el pago a que el asegurado renuncie a toda reclamación y, además, que Mapfre falló en no detallar el valor de los daños o la razón por la que otros fueron excluidos. El Tribunal de Primera Instancia la declaró no ha lugar.

Inconforme, el matrimonio Torres-Carrasquillo acudió ante el Tribunal de Apelaciones donde reafirmó que no estaban presentes los requisitos del pago en finiquito. Alegó que la oferta no fue de buena fe, como tampoco cónsona con la prohibición de opresión o ventaja indebida, pues Mapfre no le informó sobre su derecho a consultar, reconsiderar o rechazar la oferta. Argumentó que la doctrina se usó de mala fe y en abuso del derecho.

Por su parte, Mapfre indicó que el matrimonio Torres-Carrasquillo nunca expresó inconformidad con el pago o intentó devolver el cheque. Adujo que no existían alegaciones específicas de mala fe o dolo.

Así las cosas, el Tribunal de Apelaciones emitió una sentencia en la cual confirmó el dictamen del foro primario. Determinó que existía una controversia sobre la cantidad a pagar, que Mapfre hizo un ofrecimiento de pago y que el matrimonio Torres-Carrasquillo lo aceptó, lo que dio paso a la conformación del pago en finiquito.

Todavía insatisfecho, el matrimonio Torres-Carrasquillo presentó un recurso ante este Tribunal. Sostuvo que el cheque no constituyó una oferta de buena fe, pues fue unilateral y sujeto a que el asegurado renunciara a sus derechos. Arguyó que de la documentación no surgen indicios de que ocurrió una aceptación o un consentimiento informado.

En respuesta, Mapfre reafirmó que se configuraron los elementos fundamentales del pago en finiquito. Formuló que no se probó una violación al contrato o alguna práctica desleal y que, de haber ocurrido, se condonó la conducta al cobrar el cheque.

Expedimos el recurso de _certiorari_ el 6 de marzo de 2020. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver si, en esta etapa, procede la disposición sumaria de la controversia bajo la doctrina del pago en finiquito.

## II

Como se sabe, los elementos básicos de la figura del pago en finiquito son: (1) que exista una reclamación ilíquida o sobre la cual exista controversia <u>bona fide</u>; (2) que se extienda un ofrecimiento de pago de buena fe por el deudor; y (3) que se produzca una aceptación del ofrecimiento de pago por el acreedor. <u>López v. South P.R. Sugar Co.</u>, 62 DPR 238, 245 (1943). Asimismo, el pago debe emitirse en ausencia de opresión o ventaja indebida por parte del deudor y, a su vez, deben estar presentes circunstancias "claramente indicativas para el acreedor de que el cheque remitido lo era en pago y saldo total del balance resultante de la liquidación final del contrato". <u>A. Martínez & Co. v. Long Const. Co.</u>, 101 DPR 830, 834 (1973). Además, tiene que constatarse un claro entendimiento por parte del acreedor de que el pago representa una propuesta para la extinción de la obligación. Íd., pág. 835.

En <u>Feliciano Aguayo v. Mapfre Panamerican Insurance Company</u>, supra, este Tribunal se expresó sobre el uso de la doctrina del pago en finiquito en pleitos entre asegurados y aseguradoras. Allí concluimos que, examinada la figura dentro del contexto del campo de seguros y en atención a las regulaciones particulares de tal industria, la relación aseguradora-asegurado y las normas aplicables a los cheques como instrumentos negociables, nuestro ordenamiento exige que se vele por el cumplimiento de requisitos específicos para que se configure un pago en finiquito.

En tal determinación, este Tribunal rechazó que la figura se manifieste, meramente, porque se constate la ocurrencia de un ofrecimiento de pago, una notificación del cierre de la reclamación y el cambio del cheque. Debido a las particularidades propias de la industria de seguros, los tribunales deben evaluar la totalidad de las circunstancias y dar por cumplidos a cabalidad los requisitos de la doctrina y las exigencias estatutarias. Es decir, debe analizarse la iliquidez o la controversia <u>bona fide</u> de la reclamación; si el pago se emitió al amparo o en cumplimiento de un mandato estatuario, y si ocurrió en ausencia de opresión o ventaja indebida, particularmente dentro del contexto de la relación asegurado-aseguradora. A su vez, debe examinarse la existencia de circunstancias claramente indicativas para el acreedor de lo que representaba el cheque; si ocurrió una orientación clara a tales fines, y si la carta que envió la aseguradora cumplió con las reglas de trato justo y advirtió de forma conspicua que el instrumento fue ofrecido en pago total de la reclamación. Igualmente, debe evaluarse lo relativo a las salvaguardas del <u>Código de Seguros de Puerto Rico</u>, Ley Núm. 77 de 19 de junio de 1957, según enmendada, 26 LPRA sec. 101 <u>et seq</u>. (Código de Seguros) y las normas administrativas relacionadas a éste, así como lo estatuido sobre la buena fe y el trato justo en la <u>Ley de Transacciones Comerciales</u>, Ley Núm. 208-1995, según enmendada, 19 LPRA sec. 401 <u>et seq</u>. (Ley de Transacciones Comerciales). Finalmente, también debe constatarse el entendimiento claro del asegurado

al cambiar el cheque, en particular, a la luz de las condiciones bajo las cuales lo aceptó.

Expuesto el derecho aplicable, procedemos a discutir su aplicación a esta controversia.

**III**

En su petición ante este Tribunal, el matrimonio Torres-Carrasquillo argumenta que Mapfre no exhibió la buena fe extrema que se requiere en el contexto de la relación aseguradora-asegurado. Ésto, pues, expidió un cheque con una cantidad mínima, así condicionado al relevo de todas sus responsabilidades sin informarle de ello o del derecho a solicitar la reconsideración al asegurado, y sin demostrar que la oferta fue justa, razonable y equitativa. Sostiene que la documentación no probó que consintió de forma informada y libre a transigir su reclamación o a renunciar a su derecho a pedir un ajuste razonable. Afirma que, en una situación catastrófica como lo fue el paso del huracán María, la relación aseguradora-asegurado es asimétrica y propensa a influencia o ventaja indebida a favor del deudor.

Por su parte, Mapfre rechaza que exista impedimento alguno para la aplicación del pago en finiquito en controversias de esta índole. Destaca que no se controvirtió que el matrimonio Torres-Carrasquillo aceptó y cambió el cheque, aun conociendo lo que había reclamado y los detalles del ajuste.

Conforme se indicó, este Tribunal debe examinar la resolución sumaria impartida bajo la doctrina del pago en

finiquito a la luz del análisis establecido en <u>Feliciano Aguayo v. Mapfre Panamerican Insurance Company</u>, supra. Adelantamos que, bajo el crisol de tal análisis, se desprende que los foros de menor jerarquía aplicaron la figura de forma maquinal, en ausencia de un estudio cabal de todos los requisitos necesarios para su configuración en controversias de esta naturaleza. Veamos.

Con respecto al primero de los requisitos básicos del pago en finiquito, si bien el Tribunal de Primera Instancia indicó que se trató de una deuda ilíquida, de la sentencia no surge cómo el foro primario arribó a tal conclusión. Asimismo, el análisis del Tribunal de Apelaciones con respecto a este requisito se limitó a establecer que existía una controversia <u>bona fide</u> entre el matrimonio Torres-Carrasquillo y Mapfre sobre la suma que procedía bajo la póliza por los daños. Ésto, despojado de estudio alguno sobre las características de la controversia, en particular, si el pago ofrecido se extendió al amparo o en cumplimiento de un mandato estatutario, pues este hecho influye sobre la liquidez de la suma y la existencia de la controversia <u>bona fide</u>.

En cuanto al segundo requisito, a saber, el ofrecimiento de pago, ambos foros redujeron su análisis al hecho de que Mapfre emitió un cheque, obviando de esta forma los elementos de buena fe en la oferta y la ausencia de opresión o ventaja indebida a favor del deudor dentro del contexto específico del evento que motivó la reclamación y la relación entre el asegurado y la aseguradora. Cónsono con ello, el tercer

requisito lo dieron por cumplido con el mero depósito del cheque, en ausencia de una determinación con respecto al claro entendimiento del acreedor sobre la naturaleza de la oferta.

De esta forma, se determinó la configuración de un pago en finiquito sin establecerse que la carta que acompañó el cheque advirtió de forma conspicua que el mismo se ofreció como pago final de la reclamación o que ésta cumplió con las normas de trato justo, así dirigidas a que el asegurado reciba una orientación inequívoca mediante representaciones ciertas y explicaciones razonables hasta alcanzar un entendimiento claro. Es decir, sin constatar que el asegurado entendió las consecuencias de aceptar el pago y la imposibilidad de reclamar a la aseguradora de estar inconforme con lo ofrecido.

Por otra parte, ambos foros omitieron toda discusión y análisis con respecto a las salvaguardas del Código de Seguros, supra, las normas administrativas y las secciones aplicables de la Ley de Transacciones Comerciales, supra. Ésto, a pesar de que parte de los argumentos del matrimonio Torres-Carrasquillo en oposición a la resolución sumaria de la controversia se fundamentaban, precisamente, en tales garantías.

En consecuencia, perdura, en primer lugar, una controversia relacionada a la aceptación del cheque que prohíbe la resolución del pleito por la vía sumaria, a saber, el entendimiento específico del matrimonio Torres-Carrasquillo, las condiciones bajo las que éste cambió el cheque y si comprendía el alcance y las consecuencias de tal

acción. Según ha destacado este Tribunal, "la renuncia de un derecho afirmativamente concedido por ley requiere que la parte renunciante conozca de forma cabal su derecho y haya tenido la intención clara de abandonarlo". Feliciano Aguayo v. Mapfre Panamerican Insurance Company, supra. Asimismo, tampoco están claros ciertos hechos medulares del caso, pues persisten dudas sobre si Mapfre cumplió con las normas razonables de trato justo que rigen en la industria de seguros.

En fin, las determinaciones del Tribunal de Primera Instancia y el Tribunal de Apelaciones redujeron la revisión judicial a establecer los elementos más básicos del pago en finiquito: que Mapfre envió un cheque y que el matrimonio Torres-Carrasquillo lo cambió. No obstante, el ordenamiento que impera exige que los tribunales tomen en consideración elementos adicionales previo a concluir que se configuró una transacción al instante. Ésto, pues, el mero recibo y endoso de un cheque no es suficiente, por sí solo, para dar vida a la doctrina del pago en finiquito y extinguir la totalidad de la obligación. Por consiguiente, corresponde a los tribunales de menor jerarquía el garantizar el cumplimiento con todos los requisitos de la doctrina y las exigencias estatutarias antes de ponerle fin a un pleito de forma sumaria en controversias de esta índole.

**IV**

Por los fundamentos antes expresados, se revoca la sentencia del Tribunal de Apelaciones confirmando la

sentencia del Tribunal de Primera Instancia. En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos ulteriores en acorde con los lineamientos aquí establecidos y lo pautado en <u>Feliciano Aguayo v. Mapfre Panamerican Insurance Company</u>, supra.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez hace constar la siguiente expresión de conformidad: "Por los fundamentos acogidos por una mayoría de este Tribunal en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, 2021 TSPR 73, 207 DPR ___ (2021) y aquellos que expresé en mi Opinión de Conformidad en *Adorno Maldonado v. Cooperativa de Seguros Múltiples de Puerto Rico*, 2021 TSPR 98, 207 DPR ___ (2021), estoy conforme con revocar el dictamen recurrido por entender que no procede la aplicación sumaria del pago en finiquito en esta etapa de los procedimientos." La Jueza Asociada señora Pabón Charneco emitió una Opinión Disidente. La Jueza Presidenta Oronoz Rodríguez está inhibida.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Jadier A. Torres y Keyla M. Carrasquillo Ortiz<br><br>    Peticionarios<br><br>        v.<br><br>Mapfre Praico Insurance Company<br><br>    Recurrido | AC-2020-0005 |

Opinión disidente emitida por la Jueza Asociada señora PABÓN CHARNECO.

En San Juan, Puerto Rico, a 13 de julio de 2021.

Disiento de la determinación que hoy emite este Tribunal en la que revoca las sentencias emitidas por los foros inferiores y devuelve el caso al Tribunal de Primera Instancia para que sea evaluado según lo resuelto en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, infra.

Luego de examinar el expediente y los hechos particulares de este caso, concluyo que no hay una controversia real sobre los hechos materiales que impidiera al foro primario dictar sentencia sumariamente. Asimismo, se cumplieron con todos los elementos de la doctrina de pago en

finiquito. Por lo tanto, confirmaría la Sentencia del Tribunal de Apelaciones.

I

El 18 de septiembre de 2018, el Sr. Jadier A. Torres y la Sra. Keyla M. Carrasquillo Ortiz (peticionarios) presentaron una demanda contra Mapfre Praico Insurance Company (recurrida o aseguradora) por los daños que sufrió su residencia como consecuencia del Huracán María. En esencia, sostuvieron que la aseguradora incumplió con sus obligaciones contractuales al negarle la cubierta sin justificación y al no emitir los pagos adeudados, pues pagó una cantidad menor a la que les correspondían. Asimismo, alegaron que la recurrida violó varias disposiciones del Código de Seguros de Puerto Rico, específicamente el Art. 27.161. 26 LPRA sec. 2716a.

Transcurridos varios trámites, la aseguradora presentó una *Moción de Desestimación y/o Sentencia Sumaria* en la que arguyó que la demanda carece de parte indispensable por no incluir al acreedor hipotecario de la residencia, a saber, Banco Popular de Puerto Rico. Además, levantó la defensa afirmativa de *accord and satisfaction*. Sobre esta defensa sostuvo que le envió una carta los peticionarios en la que les notifica la culminación de la investigación y ajuste de la reclamación. De igual forma, le envió un cheque en pago de los daños ocurridos en su propiedad. El cheque fue firmado y endosado por la Sra. Keyla M. Carrasquillo Ortiz en la

sucursal de Banco Popular de Puerto Rico. Adujo que el ofrecimiento de pago constituyó uno total y definitivo de la reclamación ya que así lo establece el cheque. Por lo tanto, alegó que la obligación contractual entre las partes quedó extinguida conforme a la doctrina de pago en finiquito y que no incurrió en práctica desleal dado que cumplió con sus obligaciones contractuales. Para ello presentó copia de la póliza de seguro; Acuse de Recibo de la Reclamación; Carta sobre el ajuste de la reclamación; el cheque firmado y endosado por la Sra. Keyla Carrasquillo Ortiz; el "Cost Estimate Report", y el "Case Adjustment".

Los peticionarios, por su parte, se opusieron y sostuvieron que la referida entidad bancaria no es parte indispensable ya que la presente causa de acción no afecta su obligación de pago ante el acreedor hipotecario. Por otro lado, alegaron que existían hechos materiales en controversia que impedían dictar sentencia sumaria. Específicamente, señalaron que existe controversia en cuanto a la buena fe de la aseguradora al remitir un pago sustancialmente menor al que tenía derecho; sobre la existencia de un consentimiento viciado por no informales adecuadamente sobre el resultado del ajuste y las razones específicas para este; y si los peticionarios podían razonablemente entender el efecto de aceptar el pago remitido por la aseguradora a base de la información suministrada con el pago. Asimismo, arguyeron que no era de aplicación la

doctrina de pago en finiquito, pues la oferta de la aseguradora se trataba de una suma líquida y exigible. Fundamentaron sus alegaciones con una Declaración Jurada suscrita por los peticionarios y un estimado realizado por "Risk Consulting Group LLC".

Celebrada una vista, el Tribunal de Primera Instancia emitió el 5 de agosto de 2019 una Sentencia en la que declaró Ha Lugar la solicitud de sentencia sumaria. Surge de la Sentencia las determinaciones de hechos siguientes:

1. La parte demandante, Jadier A. Torres y Keyla M. Carrasquillo, son dueños de una propiedad localizada en: Bo. Arena, Sector Domingo Montalbán, Carr. 734, Km 2.0, Cidra, Puerto Rico.

2. Al 20 de septiembre de 2017, la Propiedad estaba asegurada contra el peligro de huracán bajo la póliza número 3110010300729 expedida por MAPFRE (la "Póliza").

3. De conformidad con la Póliza, se aseguraba la propiedad por el límite de $69,900.00, con deducible de 2%, para el peligro asegurado de Huracán.

4. El 20 de septiembre de 2017, la Propiedad sufrió daños como consecuencia del paso del Huracán María por la isla de Puerto Rico.

5. La demandante sometió un aviso de pérdida a la parte demandada por los daños que sufrió la Propiedad como consecuencia del paso del Huracán María por la isla de Puerto Rico (la "Reclamación").

6. La parte demandada le asignó el número 20173271233 al aviso de pérdida.

7. La parte demandada realizó una inspección de la Propiedad.

8. Luego de realizar una inspección, el 18 de diciembre de 2017, Mapfre le envió a la demandante una carta en la cual le notificaba que había concluido con el proceso de investigación y ajuste de la Reclamación sobre daños a la Propiedad. Luego de descontar el deducible aplicable de dicha suma, se adjuntó un cheque (1701049) por la suma de $364.19 en pago de dichos daños.

9. La demandante recibió y endosó la suma pagada por la parte demandada como compensación por los daños reclamados bajo la Póliza.

Inconforme, los peticionarios presentaron una *Moción de Reconsideración de Sentencia* en la que reiteraron sus argumentos. Oportunamente, la recurrida se opuso a la solicitud de reconsideración e insistió en que se configuró la doctrina de pago en finiquito. Luego de evaluar ambas posturas, el tribunal de instancia declaró No Ha Lugar la solicitud de reconsideración.

Insatisfecho aún, los peticionarios acudieron ante el foro apelativo intermedio mediante recurso de apelación. Finalmente, el Tribunal de Apelaciones confirmó la Sentencia recurrida y concluyó que no habían hechos materiales en controversia y que aplicaba la doctrina de pago en finiquito.[4]

En desacuerdo, los peticionarios acudieron ante nos y argumentaron que los foros inferiores erraron al determinar que aplicaba la doctrina de pago en finiquito y que no existían hechos materiales en controversia.

---

[4] La Jueza Nieves Figueroa disintió sin opinión escrita.

El 1 de julio de 2020 una mayoría del Tribunal determinó expedir la *Apelación* presentada por los peticionarios. Lo anterior con el propósito de revocar las sentencias emitidas por los foros inferiores y devolver el caso al foro primario para que sea evaluado según lo resuelto en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, infra.

## II

Sin pretender transcribir mis expresiones en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, 2021 TSPR 73, 207 DPR ___ (2021), las cuales sostengo y hago formar parte de esta Opinión, deseo recapitular específicamente en cuanto a la aplicación del estándar de revisión de las mociones de sentencia sumaria.

Como hemos expresado, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, requiere dictar sentencia sumaria a favor de la parte promovente si las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas u otra evidencia demuestran la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y material y, además, si el derecho aplicable así lo justifica. Para ello, la parte promovente debe desglosar los hechos sobre los que aduce que no existe controversia junto a la prueba específica que lo sostiene. De igual forma, la parte opositora debe presentar evidencia admisible que ponga en controversia los hechos presentados por el promovente según exige la Regla 36.3 de Procedimiento

Civil, *supra*. *Ramos Pérez v. Univisión*, 178 DPR 200, 215 (2010), citando a *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714, 721 (1986). De lo contrario, estos se se podrán considerar como admitidos y se dictará la Sentencia Sumaria en su contra, si procede.

En el caso de autos podemos observar que los peticionarios, como parte opositora, no refutaron los hechos conforme lo establecen las reglas procesales y solo procedieron a argumentar su posición en derecho. Ante ello, no existe una controversia real sobre los hechos materiales del caso y podemos concluir que los foros inferiores aplicaron correctamente el estándar de revisión de mociones de sentencia sumaria exigidos por la Regla 36 de Procedimiento Civil, *supra*. Esto nos lleva a la aplicación del derecho a los hechos de esta controversia.

Surge del expediente que la compañía aseguradora recibió la reclamación, la investigó e inspeccionó el bien asegurado. Posteriormente, hizo los ajustes correspondientes con arreglo a la póliza de seguros. Realizada esta labor, la recurrida les envió a los peticionarios un cheque, el cual tenía la advertencia siguiente:

> "**El endoso de este cheque constituye el pago total y definitivo de toda obligación reclamación o cuenta comprendida en el concepto indicado en el anverso**". (Énfasis suplido).

Cabe mencionar que en el anverso del referido cheque establece: "**En Pago total y final de la reclamación por**

**huracán ocurrida el día el 9-20-2017"**. (Énfasis suplido). No hay controversia que dicho cheque fue cobrado por la Sra. Keyla M. Carrasquillo Ortiz. Ante ese cuadro fáctico, cabe preguntarse si se configuró la defensa afirmativa de pago en finiquito. Respondo en la afirmativa.

Nuestro ordenamiento jurídico reconoce la figura del pago en finiquito (*accord and satisfaction*). Regla 6.3(b) de Procedimiento Civil, 32 LPRA Ap. V. Así, para que exista un *accord and satisfaction* se requieren los tres (3) elementos siguientes: (1) una reclamación ilíquida o sobre la cual exista controversia bona fide; (2) un ofrecimiento de pago por el deudor, y (3) una aceptación del ofrecimiento de pago por el acreedor. Como se expresa en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, supra, la oferta que presenta la aseguradora tras el ajuste de un seguro sobre propiedad inmueble es un estimado razonable de los daños que considera cubiertos y está sujeta a ser impugnada por el asegurado. En vista de ello, la deuda es ilíquida e incierta hasta que las partes no acuerden fijar su valor.

En el presente caso, el ofrecimiento de pago presentada por la aseguradora constituyó un pago total, completo y definitivo de la deuda y surge conspicuamente del cheque. Nótese que los peticionarios no solicitaron reconsideración ante la agencia aseguradora por la oferta de pago. Por el contrario, decidieron aceptar y endosar el cheque, aunque este dispone expresamente que era en pago total y final. Por

ello, sostengo que se configuró la figura de pago en finiquito en el caso de autos.

III

Por los argumentos antes expresados, disiento respetuosamente de la Sentencia emitida por el Tribunal y confirmaría la determinación del Tribunal de Apelaciones.


Mildred G. Pabón Charneco
Jueza Asociada